**SCHIFFMAN LAW OFFICE**, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Shepherd,<br><br>                          Plaintiff,<br><br>vs.<br><br>Metropolitan Life Insurance Company;<br>Long-Term Disability Plan of Express<br>Scripts Holding Company,<br><br>                          Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Erin Shepherd ("Shepherd") alleges as follows:

### JURISDICTION AND VENUE

1. Shepherd is a resident of Maricopa County, Arizona.

2. Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company with its principal place of business in New York, New York. MetLife is authorized to do business in Maricopa County, Arizona.

3. Defendant Long-Term Disability Plan of Express Scripts Holding Company ("Plan") is a purported ERISA benefit plan established and maintained by Express Scripts Holding Company ("Express Scripts") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Express Scripts is the Plan Administrator.

4. Express Scripts is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and MetLife have caused events to occur in Arizona out of which Shepherd's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. The Plan's LTD benefits are paid for and administered by MetLife.

9. MetLife is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. Express Scripts provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Shepherd is entitled to benefits for the first 24 months when MetLife determines that due to Sickness or as a direct result of accidental injury, she is unable to earn more than 80% of her Predisability Earnings at her own occupation from any employer in the local economy. The Plan further states that she must be receiving appropriate care and treatment determined by her physician to be necessary to treat the Sickness or injury and that she must be compliant with the requirements of such treatment.

12. After the first 24 months of disability, Shepherd is considered disabled if she is unable to earn more than 80% of her Predisability Earnings from any employer in the local economy at any gainful occupation for which she is reasonably qualified taking into account her training, education and experience.

13. MetLife paid Shepherd LTD benefits from May 17, 2014 through June 30, 2015, at which time MetLife terminated her benefits based on a peer review conducted by one of its own internal Medical Directors, Dr. Dupe Adewunmi.  Dr. Adewunmi did not treat Shepherd and ignored the opinions of Shepherd's treating neurologist, Dr. Scot G. Fechtel. Shepherd's medical condition did not improve from the time she was approved for LTD benefits through the date MetLife terminated her benefits.

14. Shepherd's physicians stated throughout the LTD claim that she was disabled and that her condition was not improving despite aggressive treatment protocol.

15. At all relevant times, Shepherd was an Express Scripts employee, became a covered individual under the Plan, and remained continuously employed until her disability rendered her unable to work in her regular occupation as a Data Entry Technician on October 19, 2013.

16. The material and substantial duties of Shepherd's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40 hour work week;
- Ability to use a computer for more than an hour at a time due to photosensitivity and the light triggering the onset of migraines;
- Ability to focus and concentrate on complex tasks;
- Ability to recall information in both short-term recall and long-term memory;

17. Shepherd was diagnosed with chronic migraines and cervical dystonia.

18. Shepherd became disabled on October 19, 2013 and remains disabled from any occupation for which she is qualified based on education, training or experience and for which she could earn 80% of her pre-disability earnings.

19. MetLife initially denied Shepherd's claim on June 4, 2015.  Shepherd submitted additional records and statements from her primary physicians and specialists.

20. Shepherd is entitled to 60% of her Predisability Earnings for the first $25,000.00 of pre-disability income per month in long-term disability benefits from June 30, 2015 through the present under the terms of the Plan and Policy. At the time of Shepherd's disability she was earning approximately $36,691.00 annually.

21. Shepherd's is entitled to a monthly LTD disability benefit in the amount of $1,834.97 from June 30, 2015 to the present.

22. Shepherd provided proof of her debilitating medical conditions. In addition, Shepherd provided MetLife with completed attending physician statements and extensive medical records that support her disability.

23. Shepherd submitted her appeal on February 24, 2016.

24. MetLife issued its final denial on April 27, 2016.

25. Shepherd has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

26. Shepherd incorporates and realleges all previous allegations.

27. The Plan contains some language purporting to grant Express Scripts discretion and to give Express Scripts the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Shepherd is entitled to de novo review.

28. Shepherd became disabled on October 19, 2013 and remains unable to perform the duties of any other occupation for which she is qualified based on education, training or experience and for which she would earn 80% of her Predisability Earnings.

29. Despite the coverage of Shepherd's long-term disability, MetLife terminated LTD benefits after paying Shepherd LTD benefits for over a year. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

30.     Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Shepherd is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

31.     Pursuant to 29 U.S.C. § 1132(g), Shepherd is entitled to recover her attorneys' fees and costs incurred herein from Express Scripts and the Plan.

32.     Shepherd is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Shepherd prays for entry of judgment against Defendants as follows:

A.  For all past benefits due Shepherd under the terms of the Plan;

B.  For an award of Shepherd's attorneys' fees and costs incurred herein;

C.  For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D.  For such other and further relief as the Court deems just and reasonable.

Dated this 8th day of December 2016.

SCHIFFMAN LAW OFFICE, P.C.


By: /s/ Lisa J. Counters
    Lisa J. Counters