IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Shepherd,<br><br>             Plaintiff,<br><br>v.<br><br>Metropolitan Life Insurance Company, et al.,<br><br>             Defendants. | No. CV16-4319 PHX DGC<br><br>**CASE MANAGEMENT ORDER**<br><br>**(ERISA)** |

The Rule 16 Case Management Conference set for **June 29, 2017 at 4:00 p.m.** is **vacated**. The Court enters the following Case Management Order to govern the litigation in this case:

1. <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply in this case. Fed. R. Civ. P. 26(a)(1)(B)(i).

2. <u>Production of Administrative Record</u>. Defendant shall produce the administrative record to Plaintiff by **September 8, 2017**. Plaintiff may identify additional documents to be included in the administrative record by **December 8, 2017**. The parties shall reconcile and file a stipulated administrative record with the Court by **February 9, 2018**.

3. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

4. Discovery Limitations. Although this is an ERISA case, the Court concludes that limited discovery is warranted. The Court's rationale, and a discussion of the proper scope of discovery, can be found in *Wilcox v. Metro. Life Ins. Co.*, No. CV 04-0926 PHX-DGC, 2009 WL 57053 (D. Ariz. Jan. 8, 2009). The parties should look to *Wilcox* for guidance when addressing the proper scope of discovery in this case. Depositions will be limited to **4** hours. Each side may propound up to 20 interrogatories, including subparts, 15 requests for production of documents, including subparts, and 20 requests for admissions, include subparts.

5. Fact Discovery. The deadline for completing fact discovery, including discovery by subpoena, shall be **December 22, 2017**. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, will not alter or extend the discovery deadline in this Order.

6. Expert Disclosures and Discovery. Expert witnesses will not be needed in this ERISA case.

7. Discovery Disputes.

a. If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[1]

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

- 2 -

      b.     Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).

      c.     Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery.

8. <u>Merits Briefing</u>.

      a.     This matter will be resolved through merits briefing in lieu of Rule 56 motions. The briefing may address the Administrative Record and any extrinsic evidence Plaintiff considers relevant. Defendant may argue that the extrinsic evidence is not relevant or properly considered. The briefs should address the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties should follow the page limits for Rule 56 motions, but a LRCiv 56.1 statement of facts is not necessary.

      b.     Plaintiff's opening brief will be due on **March 16, 2018**.

      c.     Defendant's response will be due on **May 4, 2018**.

      d.     Plaintiff's reply will be due on **June 15, 2018**.

      e.     The parties shall not notice oral argument. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the memorandum pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

9. <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **February 23, 2018**.

10. <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

11. <u>Briefing Requirements</u>. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 29th day of June, 2017.

_____
David G. Campbell
United States District Judge